IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 29, 2009

**STATE OF TENNESSEE v. GEORGE R. ARNOLD**

**Direct Appeal from the Circuit Court for Marshall County**
**No. 08CR40      Robert Crigler, Judge**

_____

**No. M2008-01984-CCA-R3-CD - Filed November 20, 2009**

_____

The appellant, George R. Arnold, pled guilty in the Marshall County Circuit Court to one count of attempting to obtain a controlled substance by forgery, and he received a sentence of three years. On appeal, the appellant challenges the sentence imposed by the trial court. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Michael J. Collins (at trial and on appeal), A. Jackson Dearing, III (at trial), and William Harold (at trial), Shelbyville, Tennessee, for the appellant, George R. Arnold.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the guilty plea hearing, the State recited the following factual basis for the appellant's guilty plea:

> State's witnesses are available. Were they called to the stand, they would testify as follows. These events occurred here in Marshall County, Tennessee. They occurred on December 3rd, 2007.
>
> [The appellant] had gone to the Marshall County Medical Center, the hospital emergency room, complaining with back pain. He saw a physician there, Dr. Swanson.

He asked for certain medications. He asked for a certain amount of medications. One of the medications he asked for was Lortab, and he asked for a certain strength of Lortab. . . . The doctor would testify that he does not give out that strength of medication. He explained that to the [appellant]. He told him that he would have to see his personal physician to get medication of that strength.

He did write out a couple of prescriptions, he being the doctor. One of those was for Lortab. What they do at Marshall County Hospital is when they write out a prescription, it makes a carbon copy that they keep on file.

The carbon copy is exactly the same as the prescription that was passed at the pharmacy here in every detail except the strength. The carbon copy shows it was 5 strength Lortab. However, when it was taken to the Kroger pharmacy which is also located here in Marshall County, Tennessee, the prescription had been altered and changed to a 7.5. And when the pharmacy saw this, they questioned it.

They called the ER to verify that the prescription that they had matched the prescription at the hospital and it did not. They notified the authorities. Several police officers went to the pharmacy as the [appellant] waited to have the prescription filled. He gave them a statement. It say[s], I, George Arnold, had been taking Lortab 7.5 off and on since I hurt my back in 1997. It has got . . . chronic lower back pain. On Sunday at 8 p.m., I went to the ER. I sat in the waiting room for four and a half hours until I saw Dr. Swanson.

I told him that my lower back was hurting and my legs was bothering me as well. He wrote me two prescriptions for prednisone and Lortab. I left and got home around 3 a.m. on 12-3-07. It was for Lortab 5, but the prescription was for 7.5. Went to Krogers on 12-3-07 to get it filled. The pharmacist said the prescription had been changed to 7.5. I, George Arnold, have no idea who made the mistake. Signed George Arnold, dated 12-3-07.

After the recitation of facts, the appellant entered a best interest guilty plea to the charged offense of attempting to obtain a controlled substance by forgery, a Class D felony.[1] The plea agreement provided that the sentence was to be determined by the trial court.

At the sentencing hearing, the State informed the trial court that the appellant was a standard, Range I offender and that the applicable sentencing range for the appellant's offense was two to four years. The State submitted the appellant's presentence report as an exhibit.

Terese Frazier, the sole witness at the sentencing hearing, testified that she worked for the State of Tennessee with the Probation and Parole Department and that she prepared the appellant's presentence report. She said the appellant was forty-eight years old and had three prior misdemeanor convictions and one prior felony conviction. Frazier said that the appellant received probation on the felony conviction and that he violated his probation.

Frazier said that when she was preparing the presentence report, the appellant told her that he occasionally worked for his brother-in-law, earning approximately $150 a month. The appellant's sister verified that the appellant worked occasionally and earned $150 some months. The appellant also told Frazier that he sometimes helped his uncle with his lawnmower business, earning an additional $150 a month from that job. When Frazier contacted the appellant's uncle for verification, the uncle said, "He, the [appellant], has never helped me with anything. He only comes over here for me to lend him money. I might as well throw the $10 out the window. He will never pay it back." Frazier concluded that the appellant was not truthful with her.

The appellant acknowledged to Frazier that the last time he had a job with a regular paycheck was in 1999. The appellant asked for probation, telling Frazier that he was the only caregiver for his mother. The appellant told Frazier that his mother was plagued with health problems and could not be left alone. Additionally, on cross-examination, Frazier stated that the appellant was being treated for depression by Centerstone.

Frazier said that during her investigation, she learned the appellant had told police that his prescription was in his possession from the time he left the hospital until he gave it to the pharmacy. He said that he did not know how the prescription was altered. Frazier discovered that the appellant had asked the doctor to prescribe 7.5 "strength" Lortab. However, the doctor declined the request and prescribed only 5 "strength" Lortab.

At the conclusion of the sentencing hearing, the trial court stated that two enhancement factors, namely (1) the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range and (8) the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the

---

[1] An accused who wishes to plead guilty yet assert his innocence may enter what is known as a "best interest" guilty plea. See North Carolina v. Alford, 400 U.S. 25, 37-38 (1970). A trial court may accept such a plea if the court is satisfied that there is a factual basis for the plea. See Dortch v. State, 705 S.W.2d 687, 689 (Tenn. Crim. App. 1985).

community, were applicable to the appellant. Tenn. Code Ann. § 40-35-114(1) and (8) (2006). The court mitigated the appellant's sentence because the appellant's criminal conduct neither caused nor threatened serious bodily injury and because the appellant entered an open guilty plea, thereby saving the State and the court time and expense. See Tenn. Code Ann. § 40-35-113(1) and (13) (2006). The court found that the appellant's claim that he did not know how the prescription was altered was not "credible based on the fact he was asking the doctor to prescribe him a prescription in the amount it was altered to. It is too convenient – too coincidental to be believable that the [appellant] doesn't remember under those circumstances." Applying the foregoing factors, the trial court imposed a sentence of three years, with five months to be served in confinement and the remainder on community corrections. On appeal, the appellant argues that the sentence "is excessive and contrary to the law."

## II. Analysis

Initially, we must address the State's contention that the appellant has waived his right to appeal the trial court's sentencing decision. In his brief, the appellant asserts in the statement of the case that "[i]nitially [he] decided to waive appeal in this matter, but later decided to appeal."

Our review of the record reveals that a brief recess was held after the conclusion of the sentencing hearing. After the recess, the trial court announced, "I have in front of me a waiver of appeal for [the appellant]." The trial court placed the appellant under oath, and the appellant asserted that he freely and voluntarily desired to waive his right to appeal. The written waiver indicates that the appellant "desires not to appeal."

When a defendant enters a guilty plea with no agreement as to the sentence to be imposed, that defendant is necessarily barred from appealing anything except sentencing. See Tenn. R. Crim. P. 37(b)(2)(B). We conclude that by executing the waiver of appeal at the conclusion of the sentencing hearing, the appellant also waived his right to appeal the trial court's sentencing determination. Accordingly, this court is thereby constrained from addressing the merits of the appellant's complaint regarding the length of the sentence imposed by the trial court.

## III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE